Revaluation — Taxable Property Statute — Constitutional Title 68 O.S. 5201 [68-5201] — 68 O.S. 5212 [68-5212] (1968), concerning revaluation of all taxable property in each county within the State is constitutional and valid. The Attorney General has had under consideration your letter of February 14, 1968, requesting an opinion. After the passage of Senate Bill No. 141, by the 1967 Session of the Oklahoma Legislature, Seminole County began a program of revaluation of all taxable property within the county. Each recipient was billed for his pro-rata share of the cost of the program and the claims were filed under the name of the County Assessor's Revaluation Fund. All parties have paid their share except the City of Wewoka and the Wewoka School Board who assert that the act is unconstitutional. Is Senate Bill No. 141, O.S.L. 1967, chapter 359, codified as 68 O.S. 5201 [68-5201] — 68 O.S. 5212 [68-5212] (1967), constitutional? 68 O.S. 5201 [68-5201] (1967), provides in part: "Each county assessor shall commence, immediately if possible, but no later than January 1, 1969, a comprehensive program of revaluation of all taxable property within his respective county. . . ." 68 O.S. 5204 [68-5204] (1967), provides: "The cost of the comprehensive program of revaluation shall be paid by those who receive the revenues of the mill rates levied on the property of the County in the following manner. The County Assessor shall prepare a special budget for such comprehensive program of revaluation and file the same with the County Equalization and Excise Board. That Board shall apportion such cost among the various recipients of revenues from the mill rates levied, including the county, all cities and towns, all school districts and all sinking funds of such recipients, in the ratio which each recipient's share of the mill rates levied for the preceding year bears to the total mill rate levied for the preceding year. Such amounts shall be included in or added to the budgets of each such recipient, including sinking funds, and the mill rates to be established by the Board for each such recipient for the current year shall include and be based upon such amounts. Then the Board and each such recipient shall appropriate the said amounts to the County Assessor for expenditure for the comprehensive program of revaluation." In Application of State of Oklahoma Building Bonds Commission, 202 Okl. 454, 214 P.2d 934, the Oklahoma Supreme Court held: "The courts must sustain statutes, if possible, and nullify them only when they are clearly unconstitutional. . . . . "`The Legislature, unless prohibited by the Constitution, has a right to declare the fiscal policy. . . .'" In the case of Baker v. Carter, 165 Okl. 116,25 P.2d 747, the court said: "In construing the constitutionality of this legislative enactment, we are not concerned with its propriety, desirability, wisdom, or its practicability as a working proposition. Those questions are clearly and definitely established by our fundamental law to a certainty as functions of the legislative department of government. The function of the court is clearly limited to the determination of the validity or invalidity of the act. There is a presumption that the act is constitutional." It is elementary that statutes are presumed to be constitutional. Newman v. Ardmore Rod Gun Club, 190 Okl. 470, 125 P.2d 191. 16 C.J.S., Constitutional Law, Section 99. In the absence of a showing that a statute is in conflict with a provision of the Oklahoma or United States Constitution it will be upheld as valid. We find no conflict between 68 O.S. 5201 [68-5201] — 68 O.S. 5212 [68-5212] (1967), and any constitutional provision. The act in question does not violate the due process or equal protection provisions of the United States Constitution. See In re Gross Production Tax of Wolverine Oil Co., 53 Okl. 24, 154 P. 362. It seems apparent that the Legislature was well within its authority in the enactment of the revaluation of taxable property act. Nor does the method of payment of revaluation cost found in 68 O.S. 5204 [68-5204] (1967), offend any constitutional provision. Therefore, it is the opinion of the Attorney General that Senate Bill No. 141, O.S.L. 1967, chapter 359, codified as 68 O.S. 5201 [68-5201] — 68 O.S. 5212 [68-5212] [68-5212] (1967), is constitutional and valid. (Penn Lerblance)